RECEIVED
IN MONROE, LA
AUG 2 0 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| KENNETH NEWMAN, ET AL. | CIVIL ACTION NO. 06-0855 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CLARION HOTEL @ LOS ANGELES INTERNATIONAL AIRPORT | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Plaintiffs, Linda and Kenneth Newman ("the Newmans"), seek relief from this Court's June 13, 2008 Judgment [Doc. No. 36] under Federal Rule of Civil Procedure 60(b)(6). For the following reasons, the Motion for Relief of Judgment Pursuant to Rule 60(b)(6) [Doc. No. 37] is DENIED.

About May 23, 2005, Linda Newman was scratched by a needle embedded in her hotel bed. On May 22, 2006, the Newmans filed suit against Defendants Clarion Hotel at Los Angeles International Airport and Century Surety Insurance Company (collectively "Clarion"). On March 19, 2008, Clarion moved for summary judgment arguing, among other things, that there was no evidence to establish that it breached a standard of care. On April 30, 2008, Magistrate Judge Karen L. Hayes issued a report and recommendation, recommending that the Court grant Clarion's motion and dismiss the case with prejudice. On June 13, 2008, the Court issued a judgment adopting the Magistrate Judge's report and recommendation.

The Newman's failed to file a motion to alter or amend judgment and failed to file a notice of appeal. Instead, the Newmans have now filed the instant Motion for Relief of Judgment Pursuant to Rule 60(b)(6).

Under Rule 60(b) this Court "[o]n motion and just terms . . . may relieve a party . . . from a final judgment." FED. R. CIV. P. 60(b). Rule 60(b) provides a list of reasons that the Court can grant relief under the rule. Those reasons include, among other things, excusable neglect, newly discovered evidence not discoverable with reasonable diligence, and misconduct by an opposing party. FED. R. CIV. P. 60(b)(1)-(3). In addition to those specifically listed reasons, Rule 60(b)(6) provides that the Court can grant relief for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). This clause is used to cover unforeseen contingencies; it is a means for accomplishing justice in exceptional circumstances. Steverson v. GlobalSantaFe Corp., 508 F.3d 300, 303 (5th Cir. 2007). The rule should be liberally construed in order to achieve substantial justice, but courts must also be mindful that "final judgments should not lightly be disturbed." Id. at (quoting Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981)). The mere fact that a judgment is erroneous is insufficient to justify relief under Rule 60(b)(6). Ackermann v. United States, 340 U.S. 193 (1950); Elgin Nat. Watch Co. v. Barrett, 213 F.2d 776, 779-80 (5th Cir. 1954). Rule 60(b) is simply not a substitute for appeal. Steverson, 508 F.3d at 303.

In the Newmans' motion they are using Rule 60(b)(6) as a substitute for appealing the Court's judgment in this case. The Newmans have not alleged that Clarion lied about the facts in its motion for summary judgment, nor have the Newmans claimed that they have uncovered new evidence or a change in the law that might justify vacating this Court's prior decision. Rather, the Newmans' motion is dedicated to the same res ipsa loquitur argument that was already addressed by the Magistrate Judge and considered again by this Court. See Report and Recommendation [Doc. No. 34 at p. 8] ("[T]he doctrine of res ipsa loquitur is not appropriately applied in this case."); Plaintiffs' Objection to Portions of the Magistrate's Report and

2

Recommendation [Doc. No. 35 at p. 8] ("Under the facts of this case, Plaintiffs assert that the doctrine of res ipsa loquitor [sic] applies."); Motion for Relief of Judgment Pursuant to Rule 60(b)(6) [Doc. No. 37 at p. 10] ("Under the facts of this case, Plaintiffs assert the doctrine of res ipsa loquitor [sic] applies."). Indeed, entire paragraphs in the Newmans' Motion for Relief from Judgment appear to have been copied directly from their objections to the Magistrate Judge's report and recommendation. Even if the Court was convinced after hearing the same argument for a second time that its prior decision was erroneous, an error in judgment alone would be insufficient to reopen this case and bring Clarion back to court. The Newmans have offered no reason justifying relief under Rule 60(b)(6).

IT IS ORDERED that the Newmans' Motion for Relief of Judgment Pursuant to Rule 60(b)(6) [Doc. No. 37] is DENIED.

MONROE, LOUISIANA, this 20 day of August, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE